UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,

        Plaintiff,

vs.                                  Case No. 8:11-CV-196-T-27MAP

ARS NATIONAL SERVICES, INC.,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 4), to which Plaintiff has responded (Dkt. 5). Upon consideration, the motion is **DENIED**.

Plaintiff sues Defendant ARS National Services, Inc. ("ARS") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et. seq.*

In a February 3, 2011 email (Dkt. 4-1), ARS offered to settle Plaintiff's FDCPA claim. The email offered $1,001.00 plus reasonable costs and attorneys' fees to settle Plaintiff's FDCPA claims in their entirety. As the Complaint alleges no actual damages, the offer exceeds by one dollar the maximum amount Plaintiff may recover under the FDCPA.[1] Defendant argues that, as the offer

---

[1] Where a claimant does not sustain any actual damages, the FDCPA limits the liability of a debt collector to "such . . . damages as the court may allow, but not exceeding $1,000.00," and "costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C §§ 1692k(a)(2)(A) & (a)(3); *see also Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) (1692k(a)(2)(A) provides for maximum statutory damages of $1,000 per action); *Sibley v. Fulton DeKalb Collection Servs.*, 677 F.2d 830, 834 (11th Cir. 1982) (equitable relief is not available in an individual action under the FDCPA).

provides Plaintiff the maximum relief available under the FDCPA, it moots the Article III controversy between the parties, thereby depriving this Court of subject matter jurisdiction over Plaintiff's FDCPA claim. The Court disagrees.

Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. Const. art. III § 2; *Flast v. Cohen*, 392 U.S. 83, 94 (1968). A case or controversy is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citation omitted). An offer of complete relief will generally moot a plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation. *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991).

A offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure that satisfies a plaintiff's entire demand may moot the controversy between the parties. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574-75 (6th Cir. 2009); *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004); *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (noting that a Rule 68 offer of judgment for more than a claim is worth "eliminates a legal dispute upon which federal jurisdiction can be based . . . . You cannot persist in suing after you've won"). Such an offer moots the controversy even if it is not accepted. *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003).

As Defendant's counsel knows,[2] Defendant's email offer is not a Rule 68 offer of judgment

---

[2] In *Muldrow v. Credit Bureau Collection Servs., Inc.*, No. 09-61792-Civ, 2010 WL 2650906 (S.D. Fla. June 30, 2010), the defendant, represented by Dale Golden, filed a similar motion. Judge Cooke granted the motion and (as the defendant's brief relied on cases decided under Rule 68) entered judgment in favor of the plaintiff for $1001.00 plus reasonable attorney's fees and costs. 2010 WL 2650906 at *2. The defendant thereupon moved for reconsideration, arguing that the final judgment was improper because the defendant had not made a formal offer under Rule 68. *See Muldrow v. Credit Bureau Collection Services, Inc.*, No. 09-61792-Civ, 2010 WL 5393373, at

and does not offer the Plaintiff an important element of the relief requested in the Complaint—an enforceable judgment. Such a judgment is part of the relief available under Rule 68. *See Marek v. Chesny*, 473 U.S. 1, 6 (1985) ("The critical feature of this portion of [Rule 68] is that the offer be one that *allows judgment to be taken against the defendant*....") (emphasis in original); 12 Charles Alan Wright et al., Federal Practice and Procedure § 3002 (3d ed.) (noting that a Rule 68 offer is one not merely to settle the suit but to permit judgment to be entered on specified terms and that "from the plaintiff's perspective the willingness of the defendant to allow judgment to be entered has substantial importance since judgments are enforceable under the power of the court.").

As Judge Zloch recently commented in an order denying a similar motion, "Defendant simply cannot have it both ways. The Court cannot construe Defendant's settlement offer to be a Rule 68 offer for the purposes of mooting Plaintiff's FDCPA claims, and then distinguish it from a Rule 68 offer in order to protect Defendant from having a judgment entered against it." *Manfred II v. Focus Receivables Mgmt., LLC*, No. 10-60597-Civ (S.D. Fla. Apr. 6, 2011), slip op. at 5; *see also Muldrow v. Credit Bureau Collection Services, Inc.*, No. 09-61792-Civ, 2010 WL 5393373, at *2 (S.D. Fla. Dec. 22, 2010) ("The Defendant invited the Court the treat its offer as a Rule 68 offer, in order to extinguish the FDCPA claim, and dismiss the remaining state law claims. Now . . . the Defendant takes the inconsistent position that its offer should not be treated the same as the offers in the cases it cited in the motion to dismiss. The Defendant's arguments . . . are contradictory – the Defendant cannot have it both ways.").

Because Defendant did not offer Plaintiff complete relief, the issues presented in this case

---

*2 (S.D. Fla. Dec. 22, 2010). Judge Cooke denied the motion and concluded that the defendant had misled the court with its "bait-and-switch tactic." *Id.* at *2-3.

remain live and Plaintiff has a legally cognizable interest in the outcome of the controversy. Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 4) is **DENIED**.

**DONE AND ORDERED** on this 19th day of April, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record