UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,

        Plaintiff,

v.                                        Case No. 8:11-CV-196-27MAP

ARS NATIONAL SERVICES, INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), case is before the Court for report and recommendation on Plaintiff's verified motion for an award of costs and attorney's fees (doc. 25).[1] Plaintiff seeks fees of $6,265.00 (17.9 hours[2] at an hourly rate of $350) and costs in the amount of $390. Defendant does not dispute Plaintiff's entitlement to attorney fees generally; rather, Defendant challenges the amount of attorneys fees sought by Plaintiff. After consideration, I recommend granting Plaintiff's motion in part and awarding attorney fees in the amount of $878.50 and costs in the amount of $390.

*A. Background*

Plaintiff brought this action alleging Defendant violated his rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*. In a February 3, 2011, email,

---

[1] The district judge referred this matter to me pursuant to 28 U.S.C. § 636 (doc. 28).

[2] Plaintiff initially sought compensation for 13.28 hours of attorney time. He subsequently reduced his claim by .59 hours (doc. 33) but then increased his claim by the 5.21 hours he has spent on fees issue litigation (doc. 34).

Defendant offered to settle Plaintiff's FDCPA claims for $1,001.00 plus reasonable costs and attorney fees. (Doc. 10). Plaintiff did not accept Defendant's offer. Defendant subsequently moved to dismiss for lack of jurisdiction due to the fact that its offer provided the maximum relief available under the FDCPA and thereby mooted any Article III controversy between the parties. (Doc. 10) The district judge rejected Defendant's argument, stating:

> Defendant's email offer is not a Rule 68 offer of judgment and does not offer the Plaintiff an important element of the relief requested in the Complaint—an enforceable judgment.
> …
> The Court cannot construe Defendant's settlement offer to be a Rule 68 offer for the purposes of mooting Plaintiff's FDCPA claims, and then distinguish it from a Rule 68 offer in order to protect Defendant from having a judgment entered against it…
> Because Defendant did not offer Plaintiff complete relief, the issues presented in this case remain live and Plaintiff has a legally cognizable interest in the outcome of the controversy.

*See* doc. 10 at 2-4 (citations and quotation omitted).

On July 26, 2011, Defendant made a formal Rule 68 offer of judgment on Plaintiff's FDCPA claims in the amount of $1000. Plaintiff accepted (doc. 20). The district judge entered judgment in favor of Plaintiff on the FDCPA claims; he dismissed the FCCPA claims pursuant to the parties' settlement of those claims (doc. 22). Plaintiff then filed this motion to recover attorney fees and costs.

B. Discussion

*1. Attorney Fees*

Under the FDCPA, a prevailing plaintiff is entitled to recover "reasonable attorney's fees as determined by the court." 15 U.S.C. § 1692k(a)(3). The starting point in fashioning a reasonable attorney's fee is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per

2

curiam). This "lodestar" may then be adjusted for the results obtained. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (per curiam); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988); *see also Moton v. Nathan & Nathan, P.C.*, 297 Fed. Appx. 930 (11th Cir. 2008) (per curiam) (lodestar method applies to award of attorney's fees under the FDCPA). "A properly calculated lodestar amount is itself strongly presumed to be reasonable." *Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801, 806 (11th Cir. 2011) (per curiam) (citation and quotations omitted), *cert. denied*, 132 S. Ct. 1558 (2012). "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." *Bivins*, 548 F.3d at 1350-51 (citation omitted).

"The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable." *Duckworth*, 97 F.3d at 1396 (citing *Norman*, 83 F.3d at 1303). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins*, 548 F.3d at 1350. The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted). The court additionally may use its own expertise and

3

judgment to make an appropriate independent assessment of the value of an attorney's services. *Norman,* 836 F.2d at 1303.

### a. Hourly Rate

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth*, 97 F.3d at 1396 (quotations and citation omitted). Although "previous hourly rate awards are not given controlling weight, they do provide some insight." *Galdames*, 432 Fed. Appx. at 807 (citing *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (per curiam)).

Plaintiff's attorney, Donald Yarbrough, graduated from law school in 1995, opened his law office as a sole practitioner in 1998, began representing consumers in litigation under the FDCPA in 2001, and has limited his practice to consumer collection cases since 2005 (doc. 27 at 2). Plaintiff asserts $350 is the reasonable hourly rate for Mr. Yarbrough's services. In support thereof, Plaintiff cites numerous cases from the Southern District of Florida in which the courts determined $350 to be a reasonable rate for Mr. Yarbrough's services. Additionally, the district judge in this case recently held in another FLSA case that $350.00 is a reasonable rate for Mr. Yarbrough's services. *Arlozynski v. Law Office of Thomas Landis*, Case No. 8:11-cv-1241-T-27AEP (doc. 23). Given the market rate in this community, counsel's experience, and the district judge's determination in *Arlozynski*, I conclude $350 is a reasonable hourly rate for Mr. Yarbrough's services in this case.

### b. Hours Reasonably Expended

Defendant contends Plaintiff cannot recover attorney's fees for any work performed after

4

Defendant's February 3, 2011, settlement offer. Defendant points out the February 3, 2011, settlement offer was one dollar more than the amount Plaintiff ultimately received under the later offer of judgment. As such, Defendant argues, "Plaintiff's counsel made no recovery for his client on h[is] FDCPA claim subsequent to receipt of the February 3, 2011 offer." (Doc. 30 at 3)

In support of its argument, Defendant cites *Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir. 1997). In that case, the plaintiff asserted a claim under the FDCPA and the Ohio Consumer Sales Practices Act. Defendant made an initial offer of judgment in the amount of $2000, which could have satisfied the statutory maximum damages of $1,200 and left at least $800 for costs and attorney fees. *Id.* at 304. Plaintiff rejected that offer but accepted a subsequent offer of judgment in the amount of $1,200 plus attorney fees and costs. Upon plaintiff's motion for attorney fees, the trial court judge concluded the most the plaintiff could have expected to recover was $1,200 since she had no actual damages. Therefore, the judge concluded, any work performed by plaintiff's counsel following defendant's initial offer of judgment constituted economic waste and was not compensable. *Id.* at 305. The Sixth Circuit affirmed, noting: "Waste is not in the public interest. The Congress that passed the Fair Debt Collection Practices Act in 1977 could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversaries' time and the time of the courts as well." *Id.* at 307. The court further noted there was no claim for actual damages and that damages therefore could amount to no more than the $1,200 available in statutory damages. *Id.* at 305. Therefore, the Court determined, the judge could have "come to no other conclusion" than that the attorney hours

after the initial offer of judgment were not reasonably expended. *Id.* at 307.[3]

Plaintiff here distinguishes *Lee* on the grounds that in this case Plaintiff rejected a settlement offer, not an offer of judgment. Although that may somewhat distinguish *Lee*, the issue here remains whether the hours expended by Plaintiff's counsel working on the merits of this case following the February 3, 2011, settlement offer were reasonable. I conclude they were not.

Again, the burden is on Plaintiff to show that they were. *Duckworth*, 97 F.3d 1396. Before bringing this case, Plaintiff's counsel necessarily had some idea of the amount and type of damages Plaintiff could recover. In responding to Defendant's motion to dismiss filed immediately following Defendant's settlement offer, Plaintiff contested Defendant's statement that it had offered the maximum recoverable damages. (Doc. 5 at 2) Plaintiff's counsel explained Plaintiff "has disclosed neither the category of damages nor the amount sought, nor whether or not Plaintiff is seeking actual damages…Plaintiff has not yet made a claim for damages, statutory or otherwise." *See* Doc. 5 at 2. Plaintiff asserted Defendant's motion to dismiss therefore was "premature." *Id.* Plaintiff's carefully worded argument is notably distinguishable from an argument that counsel and Plaintiff had not yet determined Plaintiff's damages and were continuing investigation on that issue. As for Plaintiff's argument that it was

---

[3] In another case cited by Defendant, *Weber v. I.C. Sys., Inc.*, No. CV 01-1967(SLT)(VVP), 2007 WL 2907306 (S.D.N.Y. March 19, 2007), a magistrate judge reached a similar result but appears to have based its decision on its view of Rule 68: "If the final judgment obtained by the plaintiff is not more valuable than the offer of judgment, the plaintiff may not obtain attorney's fees and costs incurred after the offer of judgment was made." *Id.* at *2. That decision was subsequently adopted by the district court judge with modifications not relevant here. *Weber v. I.C. Sys., Inc.*, No. CV 01-1967(SLT)(KAM) (S.D.N.Y. September 26, 2007) (docket no. 42).

reasonable to continue litigation in order to obtain an official judgment, Plaintiff fails to present argument as to why a judgment was sufficiently important so as to turn down a settlement offer providing for full monetary recovery. Based on the foregoing, I recommend the district judge deny Plaintiff's motion insofar as he seeks compensation for hours expended litigating the merits of this case after Defendant's February 3, 2011, settlement offer.[4]

Plaintiff also seeks compensation for 5.21 hours of attorney time incurred in seeking attorney fees in this action (doc. 34 at 3).[5] Such fees are compensable. *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (per curiam). I conclude, however that the number of hours claimed is unreasonable and will permit recovery for only one hour. Thus, the lodestar calculation for Plaintiff's attorney fees is $350.00 times 2.51 hours for a total of $878.50 in attorney fees.[6]

### c. Adjustment of Lodestar

---

[4] As Defendant points out, the Eleventh Circuit reached a somewhat similar, albeit distinguishable, conclusion in *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 Fed. Appx. 161 (11th Cir. 2008) (per curiam). In *Thornton*, the plaintiff asserted a claim under the FDCPA. The parties engaged in settlement negotiations but did not reach a settlement. The case proceeded to trial and the jury declined to award actual damages, awarding only $1 in statutory damages. *Id.* at 163. The trial court found that defendant had offered to settle the case for $3,500 but that plaintiff had refused the offer. The district court concluded "further pursuit of [the] litigation after Defendant's offer was not reasonable" and reduced the lodestar by 85%. *Id.* at 164 (quotations omitted). The Eleventh Circuit affirmed, stating "[n]othing about the award [plaintiff] received suggests that it is more than technical…or 'de minimis,'…so the district court had the authority to award a low fee." *Id.* at 165.

[5] Although Plaintiff mentioned in his initial fees motion that he would be seeking compensation for attorney time incurred in seeking attorney fees in this action (doc. 26 at 12), it was not until his reply that he specified the number of hours spent in this area. Defendant has not asked to respond to Plaintiff's filing or otherwise objected.

[6] I do not address Defendant's objections to five specific time entries as those entries pertain to work performed after February 3, 2011.

7

Defendant argues the lodestar should be adjusted downward because Plaintiff should not be awarded attorney fees for work performed on the FCCPA claims Plaintiff agreed to settle for $1.00 and because Plaintiff obtained only limited success on his claims. Given my already significant reduction of the number of compensable attorney hours used in calculating the lodestar, I conclude no reduction of the lodestar is warranted.

*2. Costs*

Defendant does not contest Plaintiff's requested costs in the amount of $390.00.

Based on the foregoing it is hereby

RECOMMENDED:

1. Plaintiff's motion for award of attorneys' fees and costs be granted in part and denied in part.

2. Plaintiff be awarded $878.50 in attorney fees and $390.00 in costs.

IT IS SO REPORTED at Tampa, Florida on June 5, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable James D. Whittemore
    Counsel of Record